# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**RICHARD JULIUS DONALDSON**
Reg. # 16787-040                                                                                    **PLAINTIFF**

v.                              Case No.: 2:21-cv-00034-LPR-PSH

**MERRICK GARLAND** *et al.*                                                              **DEFENDANTS**

## AMENDED AND SUBSTITUTED ORDER[1]

Richard Donaldson, an inmate at FCI Forrest City-Medium, originally brought suit against ten defendants on a wide variety of claims.[2] Before screening his Complaint pursuant to the PLRA, United States Magistrate Judge Patricia S. Harris invited Mr. Donaldson to "amend his complaint to limit his claims."[3] On June 11, 2021, Mr. Donaldson filed an Amended Complaint.[4] The Amended Complaint did not "significantly narrow" the claims.[5] Judge Harris performed a pre-service screening of the Amended Complaint.[6] On July 27, 2021, Judge Harris filed the Proposed

---

[1] Pursuant to Federal Rule of Civil Procedure 60, the Court issues this Amended and Substituted Order to remedy a mistake arising from, essentially, judicial bureaucracy. The Court's previous Order, entered on December 7, 2021 (Doc. 25), did not account for the filing of the Second Amended Complaint, which occurred well after Judge Harris's recommendation. That Order is set aside and is replaced by this Amended and Substituted Order.

[2] Compl. (Doc. 1).

[3] Apr. 28, 2021 Order (Doc. 4).

[4] Am. Compl. (Doc. 7).

[5] Proposed Findings and Partial Recommendation (Doc. 8) at 2.

[6] *Id.* at 2–3. Judge Harris recommended allowing the shoulder-injury *Bivens* claims against Drs. Woodard and Tomar to proceed. *Id.* at 6. And while Federal Rule of Civil Procedure 18 would theoretically allow even unrelated claims against Woodard and Tomar, Judge Harris recommended dismissal of the only other claims brought against Woodard and Tomar—claims about Covid-19 treatment. *Id.* at 5. With respect to all claims against all other defendants, Judge Harris recommended dismissal without prejudice pursuant to Federal Rule of Civil Procedure 20. *Id.* at 6.

Findings and Partial Recommendation ("PFPR") now under consideration.[7] On September 13, 2021, Plaintiff filed an Objection to the PFPR.[8]

Normally, the next judicial event would be the Court determining whether to accept or reject the Magistrate Judge's PFPR. However, in this case, an intervening activity occurred. On October 29, 2021, Plaintiff filed a Second Amended Complaint, which appears to have been treated as a Motion for Leave to Amend.[9] On November 3, 2021, Judge Harris granted the Motion and screened the Second Amended Complaint.[10]

The Second Amended Complaint was far narrower than the previous complaints.[11] It raised only claims related to Mr. Donaldson's shoulder injury.[12] The Second Amended Complaint reiterated (and added more detail to) the shoulder-injury claims against Drs. Woodard and Tomar.[13] But that's not all it did. Judge Harris determined that the alleged facts in the Second Amended Complaint: (1) described a "corrective inaction claim" against Warden Dewayne Hendrix related to Mr. Donaldson's shoulder injury; and (2) described shoulder-injury claims under the Federal Tort Claims Act against the United States.[14] At bottom, Judge Harris concluded that the Second Amended Complaint, "for screening purposes, stated claims against Defendants Drs. Woodard and Tomar, Warden Hendrix, and the United States of America."[15] Accordingly,

---

[7] *Id.*

[8] Objection (Doc. 11).

[9] Nov. 3, 2021 Order (Doc. 15) at 1; Motion to Am. (Doc. 13).

[10] Nov. 3, 2021 Order (Doc. 15) at 1–2.

[11] *Compare* First Am. Compl. (Doc. 7) (containing thirty-eight pages and naming ten defendants), *with* Second Am. Compl. (Doc. 16) (containing thirteen pages and naming four defendants).

[12] *See* Second Am. Compl. (Doc. 16) at 2–13.

[13] Nov. 3, 2021 Order (Doc. 15) at 1.

[14] *Id.*

[15] *Id.*

Judge Harris granted Mr. Donaldson leave to file the Second Amended Complaint and directed the U.S. Marshal to serve those four Defendants with the Second Amended Complaint.[16]

Given what has transpired since the PFPR was filed, the Court declines to adopt the PFPR. For all intents and purposes, the PFPR is moot. That is because Plaintiff's Second Amended Complaint, **which is limited only to the shoulder-injury claims**, is operative. All prior complaint versions are void, having been superseded by the Second Amended Complaint.

The Clerk of the Court is directed to amend the docket to reflect that the United States of America and Warden Dewayne Hendrix (in addition to Drs. Woodard and Tomar) are active Defendants in this case. Any Defendants who have not filed a responsive pleading to the Second Amended Complaint may file such a pleading within 30 days from the date of this Order. And any party who wants to amend an already-filed responsive pleading or motion to dismiss in light of this Amended and Substituted Order may do so within 30 days of the date of this Order. Finally, the U.S. Marshal is directed to serve copies of the Second Amended Complaint (Doc. 16) and this Amended and Substituted Order on Warden Hendrix and the United States of America.

IT IS SO ORDERED this 11th day of May 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[16] *Id.* at 2.